IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | | |
|---|---|---|
| RICHARD A. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | JURY DEMANDED |
| UGL UNICCO; UNICCO SERVICE | ) | |
| COMPANY (d/b/a UGL UNICCO), | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Comes now Richard A. Thompson, and for his cause of action against the Defendants, states:

### PARTIES, JURISDICTION, AND VENUE

1.      The Plaintiff, Richard A. Thompson, is a citizen of Dyer County, Tennessee.

2.      Defendant Unicco Service Company is believed to be a Massachusetts corporation operating and doing business at one or more locations in Dyer County, Tennessee under the name UGL Unicco.  The registered agent for Unicco Service Company in the State of Tennessee is shown upon the records of the Tennessee Secretary of State as CT Corporation System, 800 Gay Street, Suite 2021, Knoxville Tennessee 37929.

3.      Defendant Unicco Service Company is believed to be doing business as UGL Unicco at 107 Jackson Street, Dyersburg, Tennessee 38024, however, in the event that UGL Unicco is a separate and distinct entity, then (a) the type of entity of UGL Unicco is not known and (b) UGL Unicco is sued as a separate defendant in this matter and it may be served with

process upon its chief agent at its principal place of business at 107 Jackson Street, Dyersburg, Tennessee 38024.

4.      In this complaint, Unicco Service Company and UGL Unicco will be denominated collectively "Unicco"; this term includes both Unicco Service Company and UGL Unicco in this complaint.

5.      Venue is proper in this Court.  Unicco Service Company and UGL Unicco can be found in Dyer County, Tennessee, which is within the Eastern Division of this Court.  28 U.S.C. § 123(c).

6.      This cause of action is brought under the Family and Medical Leave Act of 1993, which is codified at 29 U.S.C. § 2601 *et seq.* (hereinafter, at times, "FMLA"), therefore this Court has jurisdiction under 28 U.S.C. § 1331.

7.      The Plaintiff also has at least one state law cause of action arising from the facts set forth in this complaint.  This Court has jurisdiction over the Plaintiff≈s state law claims under 28 U.S.C. § 1367.

FACTS AND BACKGROUND

8.      Richard A. Thompson began working at the Dyersburg, Tennessee facility of Unicco in July 2006.

9.      Richard A. Thompson suffers from severe type I juvenile diabetes, which was diagnosed July 11, 1979; for many years, Richard A. Thompson has been dependent upon insulin.

10.     The diabetes affects Mr. Thompson≈s ability to work, sleep, and eat each day of his life; the diabetes affects and substantially limits Mr. Thompson≈s performance of many of the

most basic tasks of daily functioning.

      11.     In March and May 2008, Mr. Thompson suffered from blisters on his feet caused by steel-toed shoes required to be worn in his work at Unicco.

      12.     Blisters are slow to heal on the feet of diabetic individuals.  Mr. Thompson's own experience with blisters such as this has been that such blisters are extremely difficult to resolve due to his diabetes.

      13.     In May 2008, Mr. Thompson required time off work to allow the blisters on his feet to heal.  At that time (May 2008), the blisters caused Mr. Thompson to suffer a work-related injury and he was completely unable to perform his job duties.

      14.     In May 2008, Unicco placed Richard Thompson in a "voluntary layoff" status due to his medical problems.  In placing Mr. Thompson in a voluntary layoff status, Unicco deprived Mr. Thompson of rights secured to him by the Tennessee Workers' Compensation Law (Tenn. Code Ann. § 50-6-101 *et seq.*) (hereinafter "TWCL") and the FMLA.

      15.     When Mr. Thompson became well enough to work again in June 2008, Unicco refused to return Mr. Thompson to his previous position.

COUNT I
VIOLATION OF THE FAMILY AND MEDICAL LEAVE
ACT OF 1993, 29 U.S.C. § 2601 *ET SEQ.*

      16.     Each and every other allegation of this complaint is incorporated into this count as if copied verbatim herein.

      17.     Richard A. Thompson had worked for Unicco for longer than twelve months at all times material to the allegations in this complaint and had worked more than 1250 hours in the twelve months preceding 23 May 2008.  Richard A. Thompson is an "eligible employee" as that term is defined by the FMLA.  *See* 29 U.S.C. § 2611(2).

18.     Unicco is a covered "employer" as that term is defined by the FMLA and is therefore subject to the terms and provisions of the FMLA.  *See* 29 U.S.C. § 2611(4).

19.     The medical condition affecting Richard A. Thompson in May and June 2008 was a serious health condition, as that term is defined in the FMLA.  29 U.S.C. § 2611(11).

20.     When Richard A. Thompson notified Unicco that he was unable to work in May 2008, the notification constituted a request for leave under FMLA.

21.     Instead of allowing FMLA leave for Mr. Thompson, however, Unicco placed Mr. Thompson in a "voluntary layoff" condition.

22.     The denial and/or refusal to allow FMLA leave during May 2008 constitutes interference with protected rights under the FMLA and/or prohibited discrimination under the FMLA.  29 U.S.C. § 2615(a).

23.     Alternatively, the failure to return Richard A. Thompson to work in June 2008 when he became physically able to return to work constitutes interference with protected rights under the FMLA and/or prohibited discrimination under the FMLA.  29 U.S.C. § 2615(a).

24.     The actions of the Defendants have directly caused injury and damage to Richard A. Thompson, including direct pecuniary loss from lost wages and earning capacity (back pay and front pay), loss of promotion and advancement, loss of retirement, health insurance, and other employee benefits, and also emotional loss, pain, suffering, and humiliation; Richard A. Thompson will continue to suffer monetary losses in the future.

25.     The actions of Unicco are, upon information and belief, intentional, reckless, or malicious, and give rise to a claim for punitive damages.  If the jury finds the actions of Unicco to be intentional, reckless, or malicious, then Richard A. Thompson seeks a judgment against Unicco for punitive damages, in an amount to be determined by the jury in this cause.

## COUNT II – RETALIATORY DISCHARGE IN VIOLATION
## OF THE PUBLIC POLICY OF TENNESSEE

26.     Each and every other allegation of this complaint is incorporated into this count as if copied verbatim herein.

27.     Unicco placed Richard A. Thompson in "voluntary layoff" status in May 2008 after Mr. Thompson had notified Unicco of a work-related injury.

28.     Unicco placed Richard A. Thompson in "voluntary layoff" status in May 2008 in order to abrogate his rights under the TWCL (Tenn. Code Ann. § 50-6-101 *et seq.*) and was done specifically to retaliate against him for his work-related injury.

29.     Instead of providing the benefits due to him under the TWCL, Unicco placed Richard A. Thompson in voluntary layoff status and effectively terminated him.

30.     The actions of Unicco constitute a direct violation of the common and statutory law of Tennessee, in particular Tenn. Code Ann. § 50-6-114, *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984), and *Anderson v. Standard Register Co.*, 857 S.W.2d 555 (Tenn. 1992).

31.     The actions of Unicco have directly caused injury and damage to Mr. Thompson, including direct pecuniary loss from lost wages and earning capacity (back pay and front pay), loss of promotion and advancement, loss of retirement, health insurance, and other employee benefits, and also emotional loss, pain, suffering, and humiliation; Mr. Thompson will continue to suffer monetary losses in the future.

32.     The actions of Unicco are, upon information and belief, intentional, reckless, or malicious, and give rise to a claim for punitive damages.  Richard Thompson seeks a judgment against Unicco for punitive damages, in an amount to be determined by the jury in this cause.

<u>COUNT III</u>
<u>VIOLATION OF THE TENNESSEE HANDICAP ACT, TENN. CODE ANN. §8-50-103</u>
<u>AND/OR THE TENNESSEE HUMAN RIGHTS ACT, TENN. CODE ANN. §4-21-101 *et seq.*</u>

33.     Each and every other allegation of this complaint is incorporated into this count as if copied verbatim herein.

34.     At all times relevant to the allegations made in this complaint, Richard A. Thompson was a qualified person with a disability, as that term is defined under the Tennessee Handicap Act.

35.     Alternatively, at all times relevant to the allegations in this complaint, the Defendants perceived and regarded Mr. Thompson to be disabled because of his diabetes.

36.     At all times relevant to the allegations made in this complaint, Unicco knew about the diabetes that afflicts Richard A. Thompson.

37.     At all times relevant to the allegations of this count of this complaint, Richard A. Thompson could perform the essential requirements of his position with Unicco with or without reasonable accommodation.

38.     At all times relevant to the allegations made in this complaint, the Tennessee Handicap Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* applied to the Defendants; at all times relevant to the allegations made in this complaint, the Defendants had more than eight (8) employees.

39.     The adverse employment action described in this complaint, i.e. the layoff, refusal to rehire, and/or termination of Richard A. Thompson from his employment with Unicco constituted discrimination proscribed by Tenn. Code Ann. § 8-50-103 and/or Tenn. Code Ann. § 4-21-401.

40.     The adverse employment action and discrimination described in this complaint occurred because of the disability of Richard A. Thompson.

41.     In addition, Unicco refused to grant Richard A. Thompson a reasonable accommodation and/or refused to engage in a good faith discussion with Mr. Thompson regarding a reasonable accommodation, e.g., granting Mr. Thompson some type of steel-toed shows that did not cause blisters on his feet.   In doing so, Unicco refused and/or denied a reasonable accommodation to Richard A. Thompson.

42.     The failure to grant Richard A. Thompson a reasonable accommodation violated Tenn. Code Ann. § 8-50-103.

43.     Richard A. Thompson has also made an administrative claim under the Americans with Disabilities Act of 1990, but has not yet received a notice of right to sue.   Richard A. Thompson will amend this complaint when he receives a notice.

44.     As a direct and proximate result of the discrimination of Unicco, Richard A. Thompson has suffered direct pecuniary loss from lost wages and back pay, loss of promotion and advancement, loss of retirement, health, insurance, and other employee benefits, has suffered emotional loss, pain, suffering, and humiliation, and will continue to suffer monetary losses in the future.

45.     The actions of the Defendants were intentional, reckless, and/or recklessly indifferent to the rights of a qualified individual with a disability.   Under the facts of this case, Richard A. Thompson is entitled to punitive damages as allowed by the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

46.     Richard A. Thompson therefore brings the following causes of action against the Defendants:

a. Discriminatory, disparate treatment of a qualified individual with a disability, in violation of the Tennessee Handicap Act, Tenn. Code Ann. § 8-50-103, and/or the Tennessee Human Rights Act;

b. Conduct resulting in a discriminatory impact upon persons with a disability in violation the Tennessee Handicap Act, and/or the Tennessee Human Rights Act; and/or,

c. Failure to grant a reasonable accommodation to a qualified individual with a disability in violation of the Tennessee Handicap Act, and/or the Tennessee Human Rights Act.

WHEREFORE, PLAINTIFF PRAYS:

A.    That process be issued and served upon UGL Unicco and Unicco Service Company and that such defendants be required to answer as required by law;

B.    That Richard A. Thompson have judgment against UGL Unicco and Unicco Service Company, jointly and severally, for compensatory damages in an amount deemed by the jury to be sufficient to compensate him for his injuries, including the injuries suffered by him as a result of the violations of law, causes of action, injuries, and damages alleged in this complaint, which amount is not to exceed Two Hundred and Fifty Thousand Dollars ($250,000.00);

C.    That Richard A. Thompson have judgment against the UGL Unicco and Unicco Service Company for front pay in an amount determined to be sufficient by this Court;

D.    For judgment for punitive damages, in an amount deemed to be sufficient by the jury in this matter, but not to exceed Five Hundred Thousand Dollars ($500,000.00);

E.    For a jury to try all claims appropriate for adjudication by a jury;

F.      That Richard A. Thompson be awarded his attorney fees, expert witness fees, and other costs recoverable under the FMLA, 29 U.S.C. § 2617, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-311, and/or the Tennessee Handicap Act, Tenn. Code Ann. § 8-50-103; and,

G.      For such other, further and general relief of a legal or equitable nature to which Richard A. Thompson may be entitled, including that the costs of this cause be taxed to the Defendants.

                                Respectfully submitted,

                                RICHARD A. THOMPSON
                                By his Attorneys

                                WILKERSON GAULDIN HAYES & JENKINS
                                /s/ W. Lewis Jenkins, Jr.
                                William Lewis Jenkins, Jr. (Tenn. Bar No. 017423)
                                Dean P. Dedmon (Tenn. Bar No. 017949)
                                Attorneys for Richard A. Thompson
                                112 West Court Street, P.O. Box 220
                                Dyersburg, TN 38025-0220
                                Tel. No. (731) 286-2401
                                Fax No. (731)286-2294